IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Labronte S. Agnew, #00334342, | ) | Civil Action No. 0:13-2402-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Labronte S. Agnew ("Petitioner"), an inmate in the South Carolina Department of Corrections and housed at the Lee Correctional Institution in Bishopville, South Carolina, proceeding pro se filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 on September 5, 2013. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent Michael McCall filed a motion for summary judgment and a return on March 5, 2014. (ECF Nos. 18 & 19.) Because Petitioner is proceeding pro se, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), on March 6, 2014, advising Petitioner of the importance of the dispositive motion and the possible consequences if he failed to adequately respond. (ECF No. 20.) Thereafter, on April 11, 2014, Petitioner filed a motion requesting a thirty day extension to respond to Respondent's motion because the prison had been on sporadic lockdown and he had limited access to the law library. (ECF No. 22.) The Magistrate Judge granted Petitioner's request for an extension until May 12, 2014. (ECF No. 23.) The Magistrate Judge specifically advised Petitioner that failure to comply with the court's order could result in dismissal of this matter with

prejudice. *Id.* Notwithstanding the second explicit warning, Petitioner still failed to respond to Respondent's motion. On May 15, 2014, the Magistrate Judge recommended that the case be dismissed with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. The matter is now before the court for review of the Magistrate Judge's Report and Recommendation. Petitioner filed timely objections on May 23, 2014. (ECF No. 29.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

A district court has authority under Rule 41(b) to dismiss a case with prejudice, on its own motion, for failure to prosecute. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). A district court can also dismiss a case with prejudice for failure to obey court orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

A court is required to consider the following factors when considering whether to dismiss an action under Rule 41(b): "(1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal." *Williams v. Meyers*, No. 4:08–01864–RBH, 2009 WL 982422, at *2 (D.S.C. Apr. 9, 2009) (*citing Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978)).

At the time of the Magistrate Judge issued the Report and Recommendation, it was proper to dismiss Petitioner's complaint for failure to prosecute as Petitioner had not responded to Respondent's motion and had failed to do so in the face of two warnings by the Magistrate Judge. Moreover, because Petitioner is proceeding pro se, he was personally responsible for this failure to respond.

However, in his objections, Petitioner alleges that due to a riot and lockdown, he did not have access to any "law activity" and that he could not send any paperwork out. (ECF No. 29 at 1.) Therefore, in an abundance of caution, the court gives the Petitioner the benefit of the doubt that he was unable to comply with the court's prior orders. Additionally, it appears Petitioner filed his objections to the Report and Recommendation shortly after he received the Report recommending dismissal of his case. After reviewing the objections, the court does not find that Petitioner wishes to abandon his suit. Therefore, the court respectfully declines to adopt the Magistrate Judge's recommendation that the case should be dismissed for failure to prosecute.

## CONCLUSON

In light of the standards set forth above, the court has reviewed the Report and Recommendation, objections, and applicable law. For the reasons stated above, the court

-3-

respectfully declines to adopt the Report and Recommendation of the Magistrate Judge. (ECF No. 18.) This case is hereby RECOMMITTED to the Magistrate Judge for additional pretrial handling.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 23, 2014