IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Labrontae S. Agnew, ) | C/A No. 0:13-2402-MGL-PJG |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Michael McCall, ) | |
| Respondent. ) | |

Petitioner Labrontae S. Agnew, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Agnew was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Agnew filed a response in opposition. (ECF No. 48.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Agnew's Petition denied.

**BACKGROUND**

Agnew was indicted in May 2008 in Cherokee County for assault and battery of a high and aggravated nature, armed robbery, burglary in the first degree, burglary in the second degree, grand larceny, and kidnapping (08-GS-11-424, -425, -426, -427, -428, -429). (App. at 91-108, ECF No. 19-1 at 93-110.) Agnew was represented by Scott Robinson, Esquire, and on April 16, 2009 pled guilty as charged. (App. at 1-46, ECF No. 19-1 at 3-48.) The circuit court sentenced Agnew to thirty

years' imprisonment for armed robbery, thirty years' imprisonment for burglary in the first degree, thirty years' imprisonment for kidnapping, fifteen years' imprisonment for burglary in the second degree, ten years' imprisonment for grand larceny, and ten years' imprisonment for assault and battery of a high and aggravated nature. (App. at 42-44, ECF No. 19-1 at 44-46.) Each sentence was to run concurrently, except for the sentence for grand larceny, which was to run consecutively to the sentence for assault and battery of a high and aggravated nature. (Id.) Agnew did not file a direct appeal.

Agnew filed a *pro se* application for post-conviction relief ("PCR") on November 12, 2009 in which he raised claims of ineffective assistance of counsel and due process violation. (Agnew v. State of South Carolina, 09-CP-11-1099; App. at 47-53, ECF No. 19-1 at 49-55.) On August 13, 2010, counsel Kenneth O. Shabel, Esquire, filed an Amended Petition on Agnew's behalf that raised the following claims of ineffective assistance of counsel:

1. Counsel failed to investigate law and facts of case.

2. Counsel failed to request from the Court that the jury impose sentence under Blackley v. Washington, [542 U.S. 296 (2004)].

3. Counsel failed to advise applicant that he would have a jury and not a judge sentence him for the charge of burglary, first degree.

4. Counsel failed to inform applicant that he must waive his Blackley rights before the judge could sentence him for burglary, first degree.

5. Counsel failed to make the argument of insufficient proof of forced entry.

    a.) Counsel gave false advice when he informed Applicant that the State had substantial proof for breaking and entering.

    b.) Counsel failed to review Rule 5 showing the entry was not forced. State v. Dunbar[, 318 S.E.2d 16 (S.C. 1984)].



6. Counsel failed to inform Applicant of plea process. Applicant was not advised by counsel as to what guilty plea entailed nor was Applicant advised of the consequences and ramifications of the plea agreement in which was entered [*sic*].

7. Counsel failed to inform Applicant of the elements of the charges of grand larceny and armed robbery.

8. Counsel failed to object to the warrants issued as they were not under the correct jurisdiction.

9. Counsel failed to file a Motion to Dismiss on the charge of burglary, first degree as it was not proven by evidence that Applicant entered the dwelling. After finger print analysis and SLED examinations there were no links to the Applicant placing him in the home.

10. Counsel failed to establish the time-line of events that occurred to support the charge of burglary, second degree. Applicant upholds that Counsel should have requested a meteorologist to prove the crime was committed at "night time".

11. Counsel failed to file a motion for a psychological evaluation to be conducted on Applicant.

(App. at 54-56, ECF No. 19-1 at 56-58.) The State filed a return. (App. at 57-60, ECF No. 19-1 at 59-62.) On April 8, 2011, the PCR court held an evidentiary hearing at which Agnew appeared and testified and was represented by John R. Holland, Esquire. By order filed July 29, 2011, the PCR court denied and dismissed with prejudice Agnew's PCR application. (App. at 83-90, ECF No. 19-1 at 85-92.)

On appeal, Agnew was represented by Breen Richard Stevens, Esquire, Appellate Defender, who filed a petition for a writ of certiorari on Agnew's behalf that presented the following question:

Whether Counsel's performance was constitutionally deficient for failing to fully explain the elements of each charged offense before Petitioner's guilty plea?



(ECF No. 19-3.) The State filed a return. (ECF No. 19-4.) On June 20, 2013, the South Carolina Supreme Court issued an order denying Agnew's petition for a writ of certiorari. (ECF No. 19-5.) The remittitur was issued July 8, 2013. (ECF No. 19-6.) This action followed.

## FEDERAL HABEAS ISSUE

Agnew's federal Petition for a writ of habeas corpus raises the following issue:

**Ground One:** Denial of Effective Assistance of Counsel
**Supporting Facts:** Counsel failed to conduct a reasonable investigation on the facts of the case; Counsel failed to request the Court that the jury impose sentence; Counsel failed to advise Petitioner of Blackley v. Washington; Counsel failed to inform Petitioner of his Right to waive Blackley Rights; Counsel failed to make an argument of insufficient proof of forced entry; Counsel failed to inform Petitioner of Plea Process; Counsel failed to inform Petitioner of the elements of the charge of Grand Larceny and Armed Robbery; Counsel failed to object to the warrants issued; Counsel failed to file Motion to Dismiss on the charge of Burglary in the First Degree; Counsel failed to establish the time-line of events to support the charge of Burglary in the Second Degree; and Counsel failed to file Motion for a Psychological Evaluation.

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly



established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington,

PJG

131 S. Ct. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 786. "If this standard is difficult to meet, that is because it was meant to be."  Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").  To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles

associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).  Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules.  Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Default**

As an initial matter, the respondent argues that only the following portion of Ground One has been preserved for this court's review:  whether plea counsel's performance was constitutionally deficient for failing to fully explain the elements of each charged offense prior to Agnew's guilty plea.  (ECF No. 19 at 9.)  The respondent asserts that the remaining subparts of Ground One are procedurally defaulted.  (Id.)  Agnew's response in opposition to the respondent's motion for summary judgment presents no facts or arguments to challenge the respondent's assertion that the portions of Ground One discussed below are procedurally defaulted.  (ECF No. 48.)

In addition to his claim that plea counsel was ineffective for failing to fully explain the elements of each charged offense, Agnew also alleges in Ground One that plea counsel failed to: (1) conduct a reasonable investigation of the facts of the case; (2) make a request to the court that



the jury impose Agnew's sentence; (3) advise Agnew of his rights under <u>Blackley v. Washington</u>; (3) inform Agnew that he must waive rights under <u>Blackley</u> for sentencing; (4) make an argument of insufficient proof of forced entry; (5) inform Agnew about the plea process; (6) object to the warrants issued; (7) file a motion to dismiss the first degree burglary charge; (8) establish the time-line of events to support the burglary second degree burglary charge; and (9) file a motion for a psychological evaluation.  (ECF No. 1 at 5; ECF No. 1-2 at 1.)

The respondent argues that these additional subparts of Ground One "were not raised in the appeal of the PCR court's order denying and dismissing Petitioner's application."  (ECF No. 19 at 9.)  A review of the record reflects that, while the PCR court addressed these issues in its order denying relief (App. at 83-90, ECF No. 19-1 at 85-92), Agnew did not present them to the state appellate court during his PCR appeal (ECF No. 19-3 at 1-11).  Thus, the court agrees that all portions of Ground One, with the exception of Agnew's claim that plea counsel failed to fully explain the elements of each charge, are procedurally defaulted.  See <u>Coleman</u>, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Agnew attempted to raise it now.  See <u>Lawrence</u>, 517 F.3d at 714; <u>Longworth</u>, 377 F.3d 437; <u>see also</u> <u>Coleman</u>, 501 U.S. 722.

*PJG*

While the court finds that the above-listed portions of Ground One are procedurally defaulted, or barred from federal habeas review, such claims may nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Agnew's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, the subparts of Ground One addressed above are procedurally barred from federal habeas review.

   2.   **Ground One**

The portion of Ground One preserved for review alleges that plea counsel's performance was constitutionally deficient for failing to fully explain the elements of each charged offense before Agnew's guilty plea. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient



in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id.

Page 11 of 17



(citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).  Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

As noted by the PCR court, Agnew entered a guilty plea to the following offenses on April 16, 2009:  (1) assault and battery of a high and aggravated nature; (2) armed robbery; (3) burglary first degree; (4) burglary second degree; (5) grand larceny; and (6) kidnapping. (App. at 83-84, ECF No. 19-1 at 85-86; see also App. at 64-65, ECF No. 19-1 at 66-67.)  Agnew was represented by Scott D. Robinson at the plea hearing.  (App. at 84, ECF No. 19-1 at 86; see also App. at 65, ECF No. 19-1 at 67.)  The PCR court's order summarized Agnew's testimony at the PCR hearing, during which Agnew testified that Robinson did not review any discovery materials or discuss the elements of the charged offenses with him.  (App. at 86, ECF No. 19-1 at 88; see also App. at 65, ECF No. 19-1 at 67.)  However, Agnew testified that he and Robinson did discuss the charges, potential sentences,



and witness statements. (App. at 86, ECF No. 19-1 at 88; see also App. at 66, 69-70, ECF No. 19-1 at 68, 71-72.) Agnew further testified that Robinson discussed the minimum and maximum sentence for each charge. (Id.) Agnew stated that he met with Robinson "face to face" one time prior to the guilty plea but spoke to Robinson on other occasions by telephone. (App. at 86, ECF No. 19-1 at 88; see also App. at 68, 70, ECF No. 19-1 at 70, 72.)

In its order, the PCR court also summarized Robinson's testimony at the PCR hearing, during which he disagreed with Agnew's claim that the two only met on one occasion. (App. at 86, ECF No. 19-1 at 88; see also App. at 74, ECF No. 19-1 at 76.) Robinson testified that he reviewed videotape evidence and discovery materials with Agnew, met with him in person more than once, and spoke with Agnew by telephone several times. (App. at 86, ECF No. 19-1 at 88; see also App. at 74-75, ECF No. 19-1 at 76-77.) Robinson further testified that he handles every case as if it is going to trial and was prepared for a trial in Agnew's case. (App. at 86, ECF No. 19-1 at 88; see also App. at 74, 80-81, ECF No. 19-1 at 76, 82-83.) Robinson explained that Agnew's case was highly publicized and would have been difficult to try given the charges against him. (App. at 86, ECF No. 19-1 at 88; see also App. at 78, ECF No. 19-1 at 80.) Robinson testified that he felt confident that Agnew entered his guilty plea freely and voluntarily and believed Agnew made the best choice for himself at that time. (App. at 86-87, ECF No. 19-1 at 88-89; see also App. at 76, ECF No. 19-1 at 78.) This court further notes Robinson's testimony that, during case preparation, he would have discussed all elements of the charged offenses with Agnew and that the elements of Agnew's first degree burglary and kidnapping charges were clear and obvious given the facts of the case. (App. at 80-81, ECF No. 19-1 at 82-83.)



In denying and dismissing Agnew's application, the PCR court reasonably found that Agnew's "own testimony contradicts his claim that Counsel failed to review the elements of the charges with him." (App. at 87, ECF No. 19-1 at 89.) The PCR court further found plea counsel's testimony to be credible and Agnew's testimony not to be credible. (App. at 86, 88, ECF No. 19-1 at 88, 90.) In his response in opposition to the respondent's motion for summary judgment, Agnew disputes the PCR court's credibility determination by alleging that the PCR court misunderstood his testimony. (ECF No. 48 at 4.) Agnew further claims that Robinson presented contradictory testimony during the PCR hearing. (Id. at 4-5.) However, Agnew has not clearly shown that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

The PCR court reasonably found that Robinson's conduct did not fall below the objective standard of reasonableness because he adequately conferred with Agnew, "conducted a proper investigation, [and] was thoroughly competent in [his] representation." (App. at 89, ECF No. 19-1 at 91.) The PCR court also reasonably held that Agnew "failed to prove the first prong of the Strickland test—that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that [plea] counsel committed either errors or omissions in his representation of the Applicant." (Id.) Moreover, the PCR court reasonably found that Agnew also failed to "prove the second prong of Strickland—that he was prejudiced by trial counsel's performance." (Id.) Therefore, the PCR court

Page 14 of 17



reasonably concluded that Agnew had "not established any constitutional violations or deprivations that would require [the PCR court] to grant his application." (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Agnew cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Agnew reasserts his claim that Robinson failed to "go over elements and facts" in the case, and generally disputes Robinson's testimony at the PCR hearing. (ECF No. 48.) However, Agnew provides no additional factual allegations or arguments to refute the respondent's motion for summary judgment or to show that the PCR court's credibility determination was stark and clear error. Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Agnew has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Therefore, Agnew has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, the respondent's motion for summary judgment should be granted.



## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and Agnew's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 10, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).