

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LABRONTAE S. AGNEW,<br>  Petitioner,<br><br>vs.<br><br>MICHAEL MCCALL,<br>  Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:13-2402-MGL-PJG<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S HABEAS PETITION

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 10, 2014, and the Clerk of Court entered Petitioner's objections on January 9, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner's objections consist generally of nothing more than a mishmash of arguments that the Magistrate Judge has already considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues in the Report, it need not repeat the analysis here. Therefore, the Court will overrule these objections.

Just one of Petitioner's objections merits discussion here. In Petitioner's objections, he asserts the following:

> During [the] PCR hearing[,] Petitioner was suppose[d] to be represented by Kenneth Shabel[,] but when [the] hearing started Shabel was not present and Agnew was not informed by Shabel that he would not attend [the] hearing. Agnew was notified exactly when trial started that John Holland would represent him. [This] shows that Petitioner Agnew thought the attorney present at [the] time was his court appoint[ed] attorney Kenneth Shabel, then found out by [the] court that the lawyer present at [the] time was John Holland. That is why Agnew did not raise issues and wasn't informed properly.

Petitioner's Objections 3. But, according to the transcript from the PCR hearing, here is what actually occurred:

> THE COURT:      Are you Labrontae Agnew?
>
> THE APPLICANT:  Yes, sir.
>
> THE COURT:      Mr. Holland is your lawyer?
>
> THE APPLICANT:  Yes, sir.
>
> THE COURT:      Who is your lawyer?
>
> THE APPLICANT:  Kenneth Shabel–Shaback–Shabel.

2

> THE COURT:        Well, that's John Holland.
>
> MR. HOLLAND:      I'm from Kenneth Shabel's office.
>
> THE COURT:        Have you talked to him about your case?
>
> THE APPLICANT:    Yes, sir.

PCR Hearing Transcript 64:1-10. Thus, it is fair to say that there is some ambiguity as to whether Petitioner knew that Mr. Holland was going to represent him at the PCR hearing. Nevertheless, even assuming there was some error made, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Although not altogether clear, it may be that Petitioner is raising this objection in an attempt to argue that, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Magistrate Judge erred in suggesting that most of his § 2254 claims are procedurally defaulted. *Martinez* held that ineffective assistance of post-conviction counsel may be used by a habeas petitioner to show or satisfy the "cause" requirement for avoidance of procedural default of an otherwise clearly stated claim of ineffective assistance of trial counsel. *Id*. at 1320. But, the *Martinez* Court also held that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. Petitioner's failure to establish that his claim has some merit is fatal to any argument that he might make under *Martinez*. Thus, for these reasons, this objection will also be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 15th day of January, 2015, in Columbia, South Carolina.

> s/ Mary G. Lewis
> MARY G. LEWIS
> UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.